UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

           Plaintiff,          Civil Action No. 14-12853
                                          Honorable Mark A. Goldsmith
    v.                     Magistrate Judge David R. Grand

COUNTY OF MONROE, ROBERT
CLARK, JOSEPH A. COSTELLO, JR.,
DALE MALONE, TROY GOODNOUGH,
TIM LEE, and S. RANDALL FIELD,

           Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTIONS TO DISMISS [10, 11]**

Before the Court are Defendants' motions to dismiss (Doc. #10, 11). An Order of Reference was entered on August 18, 2014, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #6). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motions to dismiss (Doc. #10, 11) be **GRANTED**, and that Plaintiff's complaint (Doc. #1) be **DISMISSED**.

**II.    REPORT**

    **A.    Factual Background[1]**

---

[1] On its face, Plaintiff Bradley Peterson's instant complaint is largely incomprehensible. For instance, in one paragraph, he alleges, "Plaintiff Bradley T. Peterson informed the federal court judges Mark A. Goldsmith and Judge David R. Grand: that the same named defendants of Macomb County 2010: torture, assaults, prejudice once again upon November 13, 2012: police

1

### i. *Peterson's 2012 Action*

On December 10, 2009, Plaintiff Bradley Peterson was arrested and charged with Assault with a Dangerous Weapon (Felonious Assault) and booked into the Monroe County Jail. *See* Prior Action at Doc. #32 Ex. A. In short, in his March 30, 2012 complaint in the Prior Action, Peterson alleged that while he was held in the Monroe County Jail in 2010, jail personnel violated his Eighth and Fourteenth Amendment rights by kicking him in the head and placing him in a unit knowing that another inmate there would harm him. *Id.* at Doc. #1 at 9-11. Those claims were dismissed. *Id.* at Doc. #49, 56.

In a May 20, 2013 filing in the Prior Action, which the Court interpreted as a request to amend his complaint, Peterson sought to add Circuit Judges Joseph A. Costello, Jr. and Michael W. LaBeau, Monroe County, and psychiatrist Mark Weliver as defendants. *Id.* at Doc. #27. In a vague series of accusations, Peterson asserted corruption on the part of Judge Costello, but failed to allege any particular harm caused by Judge LaBeau, Mark Weliver, or Monroe County. *Id.* The Court found that the judges were immune from Peterson's suit, and that Peterson failed to make any specific allegations regarding Monroe County or Weliver. *Id.* at Doc. #49, 56.

Peterson's May 20, 2013 motion to amend also contained his first mention of a November 13, 2012 dispute with his brother-in-law, Michael Green, during which Green allegedly pointed a shotgun at Peterson, resulting in Green's arrest. *Id.* at Doc. #27. Peterson alleged that during Green's time in Monroe County Jail, jail personnel announced their disdain for Peterson on account of his 2012 suit, and treated Green preferentially as a reward for pointing

---

incident reports has committed hatred, revenge, discrimination, prejudice issues against Plaintiff victim cause of filed civil lawsuit complaints: attorney S. Randall Field, for Defendants was also informed:" (Doc. #1 at ¶5). However, the undersigned was the assigned magistrate judge in related prior litigation Peterson had filed in the Eastern District of Michigan, and thus it is somewhat more able to discern the nature of Peterson's allegations. *See Peterson v. Monroe Cnty.*, No. 12-CV-11460 (the "Prior Action").

the shotgun at Peterson. *Id*. Defendants Monroe County, Tim Lee, Julie Massengill, and Ramona Tally moved for summary judgment as to those particular claims. *Id.* at Doc. #32. In a report and recommendation to grant that motion, this Court found that it was unnecessary to examine Peterson's allegations regarding Green's alleged assault and preferential treatment, as they did "not bear on the issues in [the Prior Action] – the defendants' actions and states of mind almost two years prior [during the two alleged instances of assault in 2010]." *Id.* at Doc. #49 at 8 fn. 10. The Court therefore recommended dismissing Peterson's claims related to Green's alleged assault and preferential treatment without prejudice. *Id.* The Honorable Mark A. Goldsmith accepted this recommendation on March 28, 2014. *Id.* at Doc. #56. Peterson's appeal of this decision to the Sixth Circuit Court of Appeals was dismissed. *Id.* at Doc. #67.

    ii.  *Peterson's Current Action*

Peterson filed his instant complaint on July 17, 2014, alleging violations of his civil rights by Defendants Monroe County, Robert Clark (who Peterson alleges is the "Mayor of Monroe County Municipal Corporations"), Joseph A. Costello, Jr. (an alleged Macomb County prosecutor), Dale Malone (a Macomb County Sheriff), Troy Goodnough (a Macomb County Jail administrator), Tim Lee (a Macomb County Jail guard), and S. Randall Field (the attorney who represented the defendants in Peterson's Prior Action). As noted above, *supra* fn. 1, without this Court's prior involvement in Peterson's Prior Action, his instant complaint would be virtually incomprehensible. However, based on the Court's familiarity with the Prior Action, it appears Peterson is alleging: (1) that the Defendants violated his 14th Amendment rights by failing to adequately investigate the incident in which Green allegedly pointed a shotgun at Peterson; and (2) that Defendant Lee violated his 14th Amendment rights by giving Green preferential treatment, *e.g.*, high-fives, slaps on the back, handshakes, and extra food and blankets, while he

(Green) was in jail.

On August 28, 2014, Defendants Monroe County, Costello, Malone, Goodnough, Lee, and Field filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #10). On August 29, 2014, Defendant Clark submitted his motion to dismiss in which he concurred in the motion submitted by the other Defendants. (Doc. #11). On September 22, 2014, Peterson filed a response which merely restated the same allegations as his complaint. (Doc. #14).

### C.     Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94

4

(2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [will not] suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**D.    Analysis**

Peterson's legal basis for the current action is, at best, unclear. Peterson restates his cause of action in relation to each Defendant, with each restatement varying only slightly from the ones pertaining to the other Defendants. Peterson seems to argue that Defendant Lee, perhaps in conjunction with other Monroe County corrections officers, praised and rewarded Michael J. Green for allegedly "nearly killing" Peterson, and that the other Defendants failed to report or investigate Peterson's complaints regarding that incident. (Doc. #1 at *Brief in Support of Complaints*, 1-4). Peterson alleges that these actions violated "U.S. laws and 14th Amendments [sic], [and] Native Indian Treaty rights," and that it is "unprofessional and a crime

5

[to] deny the Plaintiff Equal Protections [sic] under U.S. laws and 14th Amendments [sic], [and] Native Indian Treaty Rights." (*Id.* at *Facts*, 4). The Court is uncertain which "Native Indian Treaty rights" Peterson may be referring to, and it knows of no such rights which might be implicated by the conduct Peterson alleges in his complaint. To the extent Peterson alleges he was the victim of racial, ethnic, or disability discrimination, his claim would be properly addressed under the Equal Protection Clause of the Fourteenth Amendment. Consequently, the Court will treat Peterson's claims as alleging that Defendants' conduct violated his Fourteenth Amendment equal protection rights.

> i. *Equal Protection Standards*

The Fourteenth Amendment generally demands "that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). However, "neither the Equal Protection Clause of the Fourteenth Amendment, nor the counterpart equal protection requirement embodied in the Fifth Amendment, guarantees "absolute equality or precisely equal advantages." *U. S. v. MacCollom*, 426 U.S. 317, 324 (1976) (citation omitted); *see also Glover v. Johnson*, 198 F.3d 557, 563 (6th Cir. 1999) ("the Equal Protection Clause does not require identical treatment"). "To state an equal protection claim, a plaintiff must adequately plead that the government [treats certain people] disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Raymond v. O'Connor*, 526 F. App'x 526, 530 (6th Cir. 2013) (quoting *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)).

Neither prisoners nor pretrial detainees constitute a suspect class. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (noting that prisoners are not a suspect class); *Bradley*

*v. Mason*, 833 F. Supp. 2d 763, 774 (N.D. Ohio 2011) (noting that pretrial detainees are not a suspect class). The Equal Protection Clause is not violated merely because some, but not all, prisoners receive certain privileges or opportunities. *See Glover*, 198 F.3d at 563 (holding that unequal vocational training opportunities available to prisoners do not violate the Equal Protection Clause).

        ii.       *Peterson's Complaint Fails to State an Equal Protection Claim*

                a.       *Peterson's Claim Related to the Treatment Michael Green Allegedly Received in Jail Should be Dismissed*

Peterson's claim related to the treatment Michael Green allegedly received while in the Macomb County Jail should be dismissed. Peterson's allegations are not sufficient to satisfy the general pleading standards set forth in *Iqbal*, which required him to "plead sufficient factual matter to show that [the Defendants acted] not for a neutral . . . reason but for the purpose of discriminating on account of race, religion, or national origin." *Iqbal*, 556 U.S. at 677. Yet Peterson does not, for instance, allege that any Defendant expressed disdain for Native Americans, disabled persons, or any other suspect classification of persons. Rather, Peterson makes only scant mention of discrimination, prejudice, "Native Indian Treaty rights," "General George A. Custer's 100-birthday celebrations," his disabled status, and his "Native Indian" heritage. (Doc. #14 at 2). Peterson also only vaguely alleges that "Mayor Robert Clark . . . has knowingly discriminated against disabaled [sic] Native Indian victim out of loyalty for his colleagues in power." (Doc. #1 at 9).

These allegations are not sufficient to sustain an Equal Protection claim on the basis of discrimination against a suspect class. *See Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011) (holding that a complaint which made note of the plaintiff's sex, but failed to allege that the defendants' actions were motivated by a discriminatory purpose, was insufficient

7

to sustain a claim for gender-based discrimination targeting members of a suspect class); *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 95 F. Supp. 2d 723, 734 (N.D. Ohio 2000) *aff'd and remanded*, 308 F.3d 523 (6th Cir. 2002) (noting that discriminatory purpose must be proven by either direct or circumstantial evidence, such as statements made by defendants). At no point does Peterson actually allege in his complaint or subsequent filings that Defendant Lee (or any other Defendant) gave preferential treatment to Green on account of Peterson's ethnicity, disability status, race, or any other personal characteristic. Peterson also fails to even mention the race, ethnicity, or disability status of Michael Green, thereby eliminating from contention the possibility that Green was given favorable treatment on those grounds.

Moreover, Peterson cannot sustain an equal protection claim by comparing the treatment he received in jail to the treatment Green received at some later date. As noted above, in order to succeed on his equal protection claim, Peterson must allege that Lee (or others) treated "similarly situated persons" differently. *Raymond*, 526 F. App'x at 530. However, because prisoners and pretrial detainees do not constitute suspect classes, *Harbin-Bey,* 420 F.3d at 576; *Bradley*, 833 F. Supp. 2d at 774, it follows that neither do former inmates constitute such a class. Similarly, just as the Equal Protection Clause is not violated merely because some, but not all, current prisoners receive certain privileges or opportunities, *Glover*, 198 F.3d at 563, that protection is not violated when one inmate receives treatment different than those who were inmates before him. In sum, because Peterson and Green are not "similarly situated," Peterson's claim regarding the treatment Green received in jail should be dismissed. *See United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011) (holding that a plaintiff who seeks to prove that they are similarly situated to another party must demonstrate similarity in all relevant respects).

> b. *Peterson's Claim that Defendants Failed to Investigate His Complaint about Green's Preferential Treatment should be Dismissed*

Peterson's claim based on the Defendants' alleged failure to investigate his complaint regarding Monroe county personnel granting Michael Green favorable conduct should also be dismissed. "A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act." *Corhn v. Cnty. of Bay*, 12-CV-13059, 2014 WL 4707510 at *4 (E.D. Mich. Aug. 11, 2014) report and recommendation adopted, 12-CV-13059, 2014 WL 4715455 (E.D. Mich. Sept. 22, 2014) (quoting *Fulson v. City of Columbus*, 801 F. Supp. 1, 6) (S.D.Ohio 1992); *see also White v. Tennessee*, 14-CV-115, 2014 WL 3908203 at *7 (E.D. Tenn. Aug. 11, 2014) ("it is clearly established that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime") (quoting *Woods v. Miamisburg City Schools*, 254 F.Supp.2d 868, 873–74) (S.D. Ohio, 2003).

It appears that Peterson's only claim against Defendants Monroe County, Robert Clark, Joseph A. Costello, Dale Malone, Troy Goodnough, and Randall Field is that each was aware of Peterson's complaints regarding the treatment Michael Green received while he was held in the Macomb County Jail, yet failed to investigate those complaints. *See generally* (Doc. #1). Because Peterson has no right to compel public officials to conduct investigations, he lacks standing to bring those claims, and they should be dismissed.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motions to Dismiss **(Doc. #10, 11)** be **GRANTED**.

Dated: November 19, 2014    s/ David R. Grand
                            DAVID R. GRAND
                            UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2014.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager