UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

        Plaintiff,                        Civil Action No. 14-CV-12853

vs.                                                   HON. MARK A. GOLDSMITH

COUNTY OF MONROE, et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 21), (2) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 20), (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 10, 11), AND (4) DISMISSING CASE WITHOUT PREJUDICE**

**I.    INTRODUCTION**

Plaintiff Bradley T. Peterson, proceeding pro se, filed this civil rights case against Defendants pursuant to 42 U.S.C. § 1983. See Compl. (Dkt. 1). The matter was referred to Magistrate Judge David R. Grand for all pretrial proceedings. See Order of Referral (Dkt. 6). The Magistrate Judge issued a Report and Recommendation ("R&R") (Dkt. 20), recommending that Defendants' motions to dismiss (Dkts. 10, 11) be granted, and that Plaintiff's Complaint be dismissed. Plaintiff filed objections to the Magistrate Judge's R&R (Dkt. 21). To date, Defendants have not filed a response. The Court reviews de novo any portion of the R&R to which specific objections are filed. Fed. R. Civ. P. 72(b)(3). For the reasons discussed below, the Court accepts the recommendation contained in the R&R, grants Defendants' motions to dismiss, and dismisses Plaintiff's Complaint without prejudice.[1]

---

[1] The factual background of this case is thoroughly explained in the Magistrate Judge's R&R and need not be repeated here.

## II. ANALYSIS

### A. Plaintiff's Objections

Plaintiff's objections are difficult to understand, containing scattered statements of facts and vaguely stated legal conclusions. He first provides some factual background, Obj. at 2-4, and then discusses an earlier action he had filed before this Court, Peterson v. County of Monroe, et al., No. 12-cv-11460, in which Plaintiff alleged that Defendants Monroe County and Tim Lee (Defendants in the present action), Julie Massengill, and Ramona Tally subjected Plaintiff to physical abuse, both directly and indirectly, and then were deliberately indifferent to Plaintiff's medical needs resulting from the abuse. Id. at 5-6; see also Peterson, No. 12-cv-11460, Compl. (Dkt. 1). As noted by Plaintiff, that action was previously dismissed on a defense motion for summary judgment. See Peterson, No. 12-cv-11460, 3/28/2014 Op. & Order (Dkt. 56). Plaintiff then describes the current action, reciting assertions that Defendants failed to investigate Plaintiff's former complaints that Defendants rewarded Michael Green for threatening Plaintiff with a loaded shotgun, in retaliation for Plaintiff's earlier complaints against Defendants. Obj. at 7. Finally, Plaintiff addresses each of the grounds on which the Magistrate Judge recommended dismissal. Plaintiff first objects that the evidence showed that Defendants provided Green with favorable treatment in retaliation for Plaintiff's earlier complaints against Defendants. Id. at 8. Plaintiff also adds that he is Native American and deserves the equal protection of the laws. Id. Plaintiff's second objection appears to assert that, notwithstanding Defendants' positions of authority and their obligation to protect citizens' rights under the Constitution, Defendants have failed to investigate Plaintiff's complaints with respect to the favorable treatment allegedly bestowed upon Green. Id. at 9.

B. Discussion

As the R&R recognized, a motion to dismiss tests a complaint's legal sufficiency. "[C]ourts [are] to construe pleading[s] liberally within the standards of the notice-pleading regime mandated by the Federal Rules of Civil Procedure." Minger v. Green, 239 F.3d 793, 799 (6th Cir. 2001). Courts must "not rely solely on labels," but "probe deeper and examine the substance of the complaint." Id. However, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a court must construe all factual allegations in the complaint as true, the same courtesy is not extended to bare legal conclusions, even where such conclusions are couched as factual allegations. Id. Moreover, the complaint's factual allegations must give rise to a "plausible claim for relief." Id. at 679. "[A]llegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

The R&R interpreted Plaintiff's Complaint as alleging violations of the Equal Protection Clause. R&R at 5-6. Plaintiff's Complaint is sixty pages long and is, as the Magistrate Judge noted, difficult to understand. Because Plaintiff does not take issue with the Magistrate Judge's characterization of Plaintiff's claim as arising under the Equal Protection Clause, the Court will evaluate Plaintiff's claims under equal-protection standards. The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by the government that "'burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.'" Loesel v. City of Frankenmuth, 692 F.3d 452,

461 (6th Cir. 2012) (quoting Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 681-682 (6th Cir. 2011)).

### 1. First Objection

Plaintiff's first objection is that the evidence showed that Green received favorable treatment from prison officials "out of hatred, discrimination, [and] prejudice" against Plaintiff, as a result of Plaintiff's earlier lawsuit. Obj. at 8. Thus, Plaintiff appears to be claiming that prison officials treated Green differently than they treated Plaintiff, and that the difference in treatment was grounded in animus toward Plaintiff. Accordingly, Plaintiff's claim appears to be a "class-of-one" theory, where a plaintiff claims to "[have] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Davis v. Prison Health Servs., 679 F.3d 433, 441 (6th Cir. 2012) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)) (internal quotation marks omitted). The hallmark of a class-of-one claim is "the allegation of arbitrary or malicious treatment not based on membership in a disfavored class." Id. (quoting Aldridge v. City of Memphis, 404 F. App'x 29, 42 (6th Cir. 2010)).

However, under the facts of this case, Plaintiff does not allege that he was singled out for adverse treatment by government officials; he alleges, instead that Green was singled out for preferential treatment because of the prison staff's personal animus toward Plaintiff.[2] According to Plaintiff, this preferential treatment was in the form of "high-fives, slap[s] on [the] back, hand

---

[2] Plaintiff's previous lawsuit against the same Defendants did allege that he suffered abuse at the hands of prison officials, i.e., that he was disadvantaged somehow by the prison officials' conduct. See Peterson, 12-cv-11460, Compl. However, those same allegations are not made in this lawsuit. Rather, Plaintiff's Complaint appears to allege, and his objection seems to argue, that his former lawsuit provides the basis for Defendants' attitude toward Plaintiff, which then motivated the alleged conduct that benefited Green.

4

shakes [sic], [and] extra food and blankets." Compl. at 3-4; Obj. at 8. The Court identifies three problems with Plaintiff's class-of-one claim, each of which independently warrants dismissal.

First, Plaintiff's allegations of the preferential treatment are vague and do not establish a plausible claim for relief. Plaintiff fails to develop his allegations that Green received extra food and blankets, and thus fails to identify "specific factual allegations of disparate treatment." Raymond v. O'Connor, 526 F. App'x 526, 530 (6th Cir. 2013).

Second, Plaintiff does not demonstrate that the difference in treatment is of constitutional significance. It is axiomatic that "the Equal Protection Clause does not require identical treatment." Glover v. Johnson, 198 F.3d 557, 562-563 (6th Cir. 1999) (recognizing that differences in the number of vocational programs available to male and female prison inmates and a limitation of full-time programs only to male inmates do not amount to an equal-protection claim). Not every disparity is one of "constitutional magnitude." Id. Even taking as true that Green did receive extra food or blankets from prison staff, Plaintiff has not shown how he has suffered an injury that is of constitutional magnitude as a result of the preferential treatment provided to Green.

Third, a class-of-one plaintiff must demonstrate that he or she was "treated differently than those similarly situated in all material respects." Loesel, 692 F.3d at 462. Plaintiff does not allege that he was subjected to inferior treatment with respect to food and blankets during his incarceration, but alleges instead that when Green was incarcerated — at some later point in time — Green received better treatment. Importantly, Plaintiff does not allege that Green was similarly situated to Plaintiff. Given that Plaintiff has failed to plead any facts showing that he and Green were otherwise similarly situated in all material respects, Plaintiff fails to state an equal-protection claim under the class-of-one theory.

In connection with his first objection, Plaintiff also summarily states that he is "Native American and should have some equal protection rights under U.S. laws." Obj. at 8. The Court finds that this vague one-sentence statement is insufficient to raise a valid objection because it is an entirely undeveloped argument. See Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); Watkins v. Tribley, No. 09-cv-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011) ("A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection." (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991))).

Moreover, to the extent that Plaintiff is claiming that he was discriminated against based on his Native American heritage, the Court agrees with the Magistrate Judge that Plaintiff's Complaint makes only brief and passing references to his Native American heritage, and — at most — vaguely gestures toward discrimination on the basis. See R&R at 7-8. This is simply not enough to allege an equal-protection claim on the basis of race or national origin. City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194 (2003) (unanimous) ("We have made clear that '[p]roof of racially discriminatory intent or purpose is required' to show a violation of the Equal Protection Clause." (alteration in original) (quoting Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977))).

## 2. Second Objection

Plaintiff's second objection alleges that Defendants failed to properly investigate complaints that Green received favorable treatment while Green was incarcerated as a result of

his threats against Plaintiff. Obj. at 9. The Magistrate Judge concluded that because private citizens have no right to compel public officers to conduct an investigation, Plaintiff lacked standing to bring this claim. R&R at 9. The Court agrees.

Plaintiff's objection appears to rest on his assertion that Defendants have a duty under the Constitution to protect the rights of the citizenry. Obj. at 9. However, this premise is faulty, as it is well settled that the Constitution does not impose an affirmative obligation on the state to investigate any kind of suspected wrong-doing. For instance, the Sixth Circuit has held that a failure to investigate does not amount to an "act" that would render a public officer liable for harm to a victim caused by a private party. Gazette v. City of Pontiac, 41 F.3d 1061, 1066 (6th Cir. 1994); see also Koulta v. Merciez, 477 F.3d 442, 446-447 (6th Cir. 2007) (holding that a failure to investigate whether a driver was too drunk to drive did not create or increase the risk that the drunk driver would hurt another driver on the road); Sheets v. Mullins, 287 F.3d 581, 588 (6th Cir. 2002) (citing Gazette for the proposition that a public officer's failure to investigate is insufficient to hold the officer liable for the acts of a private party). Implicit in those cases, is that no independent duty to investigate is owed either to the public, or to any one individual.

Other courts agree that "there is no 'constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.'" White v. City of Toledo, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (quoting Doe v. Mayor & City Council of Pocomoke City, 745 F. Supp. 1137, 1138 (D. Md. 1990)). As such, courts have found that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Fulson v. City of Columbus, 801 F. Supp. 1, 6 (S.D. Ohio 1992) (citing Linda R.S. v. Richard D., 410 U.S. 614 (1973)). Accordingly, "[a] public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and

7

thus no one member of the public has a right to compel a public official to act." Id.  In light of the above, the Magistrate Judge was correct to conclude that Plaintiff lacked standing to bring a claim for a failure to investigate certain conduct.

### III.     CONCLUSION

For the foregoing reasons, the Court overrules Plaintiff's objections (Dkt. 21), accepts the recommendation contained in the Magistrate Judge's R&R (Dkt. 20), and grants Defendants' motions to dismiss (Dkts. 10, 11).  Plaintiff's Complaint (Dkt. 1) is dismissed without prejudice.

SO ORDERED.


Dated:  March 27, 2015             s/Mark A. Goldsmith
            Detroit, Michigan              MARK A. GOLDSMITH
                                                     United States District Judge



### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2015.

                                                    s/Johnetta M. Curry-Williams
                                                    Case Manager